JUSTICE MORRISON
specially concurs to the majority opinion.
*166 I concur in the result. However, instruction No. 33 is defective for reasons not referred to in the majority opinion.
The subject instruction allows the jury to find the passenger guilty of contributory negligence if the driver’s intoxication contributed to the cause of the accident. This is not the law. A passenger can only be defeated if the passenger, knew or should have known, that the driver was intoxicated. The driver’s intoxication, standing alone, cannot defeat recovery on the part of the passenger.
The error in this instruction goes to the heart of this case and is highly prejudicial. The blood alcohol reading of the driver was found to be .09. Such a reading is in the “gray area”. The driver may well have been under the influence of an intoxicant, but yet not give any indication of that influence to the passenger. The driver’s impairment must be observable to a reasonably prudent person. If a reasonably prudent person would not be able to detect the driver’s intoxicated state, then that person cannot be denied recovery on the basis of contributory negligence. It is obvious from the facts of this case that the jury could have found the driver to be under the influence and denied recovery to the passenger without the requisite finding that the passenger was himself guilty of failure to exercise reasonable care.
In my opinion, this instruction cannot be cured by changing its definition of “proximate cause”.
JUSTICE SHEEHY specially concurs: